## Weise's Appeal.

1. Decrees for specific execution are not of right, but are within the discretion of the chancellor.

2. When the equity of the plaintiff is not clear or the case unconscionable or inequitable, specific execution will be refused and the plaintiff left to his action at law.

3. Weise in writing authorized Lyon to sell land, a sale to be binding on Weise if made according to conditions named; if, through Lyon's agency, "a purchaser is sent to or induced to negotiate with me and we consummate a sale," Lyons was to be entitled to commissions as if he had conducted the negotiations. "If taken out before sold within four months, I will pay —— dollars for advertising." *Held*, that the purchaser from Lyons was, by the terms of the paper, put on his inquiry from the principal whether the authority had been revoked.

November 12th 1872. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the District Court of *Allegheny county:* In Equity: No. 114, to October and November Term 1872.

This was a bill, filed to November Term 1871, by Thomas R. Sill against Frederick G. Weise.

The bill averred:—

1. The defendant owned a tract of land in Ross township, &c., and on the 6th of June 1871, by written authority under his hand and seal, empowered H. B. Lyon to sell the land at $1300 per acre.

2. Lyon in pursuance of this authority, by writing on the 22d of September 1871, agreed that the defendant, on or before the 1st of November then next, would convey to plaintiff by good deed, &c., the said tract of land in fee; the terms to be $100 on executing the agreement, one-third of the purchase-money less the $100 on the 1st of November then next, and the remainder in four equal annual instalments, to be secured by bond and mortgage on the premises.

3–4. The plaintiff paid Lyon the hand-money, and on the 1st of November 1871, tendered to Weise the remainder of the first instalment, and offered to execute a bond and mortgage for the other instalments according to the agreement, but Weise refused to receive the money tendered, or to comply with any part of the agreement.

The prayer was for a decree against Weise for specific execution of the agreement, &c.

The authority to Lyon was as follows:—

[Weise's Appeal.]

" Memorandum of enlistment :

" I, F. G. Weise, of Allegheny county, have authorized H. B. Lyon to sell for me a tract of 11 acres, more or less, lying in the county of Allegheny. Any sale of the above-mentioned property by said Lyon or any of his agents will be binding upon me if made on the conditions named in the description given by me. I bind myself to pay the said Lyon a commission of two per cent. upon the whole amount of such sale, to be taken out of the first cash payment made on said property, and it is declared to be the true intent and meaning of this agreement that if through the agency of the said Lyon or his agents, or by his or their instrumentality, a purchaser for said land is sent to or induced to negotiate with me in person, and we consummate a contract of sale between ourselves, without other agency on the part of said Lyon, it is to be taken and considered as the performance of their part of this agreement, so as to entitle them to the said commission as fully as if they had personally conducted the whole negotiations. If taken out before sold, within four months from this date, I will pay —— dollars for advertising said property. Examinations and preparations of title-papers in the event of a sale, are to be paid for by me.

" Given under my hand, this 16th day of June 1871.

F. G. WEISE. [L. S.]"

On the back of the above is the following :—

" Acres more or less in Ross township. Improvements, one frame house, frame stable, good spring, fruit trees, grapes and shrubbery. Terms $1300 per acre, one-third in hand, balance in four equal annual payments, with interest."

The agreement of sale was as follows :—

" Article of agreement made and concluded the 22d day of September, A. D. 1871, between F. G. Weise, of, &c., by his agent H. B. Lyon, of, &c., of the first part, and Thomas R. Sill, of the city of Pittsburg, of the other part :

" Witnesseth, that for and in consideration of the sum of thirteen hundred dollars per acre, to be paid and secured as hereinafter set forth, the said party of the first has sold and by these presents for himself, &c., does covenant to and with the said party of the second part, his heirs and assigns, that he the said party of the first shall and will on or about the first day of November 1871, by a good and sufficient general warranty deed, grant, &c., to the said party of the second part, his heirs and assigns, all that certain tract of land situate, &c., containing eleven acres more or less.

" And the said party of the second part agrees to pay the said sum of thirteen hundred dollars per acre with lawful interest, in manner following, viz. : One hundred dollars on the execution of this agreement, the receipt whereof is hereby acknowledged, the one-third of the purchase-money (less $100) on or about the 1st day

of November 1871, and the remainder in four equal annual payments, to be secured by bond and mortgage on the premises, on delivery of the deed.

"In witness, &c.,    H. B. Lyon, *Agt.*,    [SEAL.]
Thos. R. Sill.    [SEAL.]

The defendant answered, admitting the allegations in the first paragraph of the bill, but averring that on the 14th of August 1871, and before the sale set out in the second paragraph, he had revoked the authority to Lyon, and notified him to make no further effort to sell the property; and that the sale was without authority, and after Lyon had ceased to be his agent.

Robert Arthurs, Esq., was appointed examiner and master.

The master reported, stating the authority of Lyon and the agreement, and that "the property was withdrawn or taken out of the hands of H. B. Lyon as agent, on the 14th day of August, A. D. 1871.

"The plaintiff, on the first day of November, A. D. 1871, made a tender of one-third the amount of purchase-money to F. G. Weise, the defendant, and up to this time had no actual notice that the property had been withdrawn from sale or taken out of the hands of Mr. Lyon, as agent, before said agreement was entered into.

"The article of agreement between H. B. Lyon, agent, and Thomas R. Sill, was acknowledged by the parties on September 25th 1871. The day after it was shown to the defendant and repudiated by him, and the same day the publication of a notice in the *Chronicle*, of the authority to Lyon to sell having been withdrawn, and recorded on September 26th 1871.

"The opinion of the master on the facts is as follows, viz. :—

"1. The document entitled 'Memorandum of Enlistment,' is not such an authority as would justify the agent in making a conveyance or receiving the purchase-money; it merely authorizes a parol sale, which as such would be as binding upon the principal as if made by himself. It has none of the necessary forms of a power of attorney, but merely what it purports to be, the enlistment of an agent to aid the principal in making a sale. It was not acknowledged nor intended so to be.

"2. The property, being, on the 14th day of August 1871, withdrawn from sale, or taken out of the hands of said H. B. Lyon as agent, he had no authority after that date to make any sale or in anywise dispose of the same.

"3. The article of agreement of September 22d 1871, between H. B. Lyon and Thomas R. Sill, has no binding effect upon F. G. Weise, the defendant, the said Lyon having no sufficient authority to execute such an agreement.

"4. Although the said Thomas R. Sill had no actual notice of

22 P. F. Smith—23

[Weise's Appeal.]

the withdrawal of said property from sale, yet there was sufficient in the body of the 'Memorandum of Enlistment' to put him upon inquiry, and having read this paper before making any contract, it was his duty to ascertain from the principal himself what power remained in the agent, and to anticipate the contract only to be binding when executed by the principal himself."

Sill filed several exceptions to the master's report; the last was that he had not found that the plaintiff was entitled to a decree.

After argument, the court decreed that the exceptions be sustained, and that the defendant should convey to the plaintiff the land mentioned in the agreement upon the plaintiff's making the payment and giving the bond and mortgage as stipulated in the agreement: and that the defendant should pay the costs.

The defendant appealed to the Supreme Court and assigned the decree for error.

*S. Schoyer, Jr.* (with whom was *S. C. Schoyer*), for appellant.

*M. W. Acheson* (with whom was *J. W. Riddell*), for appellee.— As to effect of a revocation of agent's authority: 2 Kent's Com. 894; Story on Agency, sec. 470; Morgan *v.* Stell, 5 Binn. 305.

The opinion of the court was delivered, November 22d 1872, by

THOMPSON, C. J.—Decrees in equity for specific execution are not like judgments at law—a matter of right; they are within the discretion of the chancellor and of grace: Miller *v.* Henlan, 1 P. F. Smith 265; Freetly *v.* Barnhart, Id. 281. As a rule, whenever the equity of the party under his contract is not clear, or his case is unconscionable or inequitable, courts of equity refuse specific execution, and leave the party to his action at law to recover damages for the breach of the contract.

We agree with the learned master, that the instrument entitled " *memorandum of enlistment,*" if it is to be regarded as a power of attorney, was in such terms as ought to have required an inquiry by the purchaser from the agent of his principal as to whether it remained in force still, as upon its very face there was a provision for the contingency of revocation within four months. Had that inquiry been made he would have found that at the date of the contract, it had been revoked more than a month before. Besides, the slightest attention to it would have raised a suspicion of the right of Lyon to enter into a specific contract. He was only authorized to make a sale of the property, " if. made on the conditions named in the description given by me." These-are the terms of the " *memorandum of enlistment* " itself. But the conditions do not appear in the authority to the agent. The memorandum on the back of the papers was the work of the agent, and not signed by the principal. This should have been the subject of

[Weise's Appeal.]

inquiry by the complainant. So, too, he could find no authority for the payment of money on the footing of the contract to Lyon; nor for the payment, by instalments extending four years, for the balance of the purchase-money. I incline to the master's view of the case, that the expected service of the agent was to find a purchaser; the principal himself to hear and approve of the terms. It is not necessary to settle this definitely now. But these things show that the purchaser dealt recklessly, and in such a way as to involve the respondent in a contract, when in fact there was no authority to make one for him at the time, and after he had concluded not to sell the property but keep it himself. An inquiry would have resulted in information that would have saved all trouble to both parties. There was enough on the face of the authority to have made this a conscionable duty on part of the plaintiff. The only equity that he has shown is simply the payment to the agent of $100. No possession or improvements followed the contract, and this payment can be compensated, as also any other legitimate damages, in an action at law. We think specific execution should not be decreed, and this is our conclusion without definitely saying whether the contract between Lyon and Sill can be regarded as totally without authority or not. We leave that to be decided in a suit at law, if the complainant chooses to try it. Certainly he will be at least entitled to his money back from either the principal or agent.

The decree of the court below in this case is reversed, and the bill of the complainant is dismissed, without prejudice, at his costs.